**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 1 9 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 15 CR 217 |
| v. | ) | |
| | ) | Violations: Title 18, United States Code, |
| RUBY MOHSIN and | ) | Sections 2 and 371 and Title 21, United |
| MOHAMMAD KHAN | ) | States Code, Sections 331, 333, 352, 841(a), |
| | ) | and 846 |

JUDGE NORGLE

MAGISTRATE JUDGE COX

COUNT ONE

The SPECIAL JANUARY 2014 GRAND JURY charges:

1. At times material to this Indictment:

   a. RUBY MOHSIN owned and operated the Cigar Box, a smoke shop located in Aurora, Illinois.

   b. MOHAMMAD KHAN was an employee of the Cigar Box.

   c. The United States Food and Drug Administration was the agency of the United States responsible for, among other things, enforcing the provisions of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. Section 301, et seq. The FDA's primary purpose in enforcing the provisions of the Act was to protect the public health. The FDA's responsibilities included regulating the manufacturing, labeling, and distribution of drugs shipped and received in interstate commerce. The responsibilities of the FDA included preventing drugs that were unapproved for marketing or sale, or which were improperly packaged and labeled, from reaching the marketplace.

1

2.  Beginning no later than in or about January 2011 and continuing until on or about August 12, 2011, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere,

> RUBY MOHSIN and
> MOHAMMAD KHAN,

defendants herein, knowingly conspired with each other, and with others known and unknown to the Grand Jury, to commit an offense against the United States, namely, with the intent to defraud and mislead, to receive and cause the receipt of a misbranded drug in interstate commerce and to deliver and proffer delivery thereof for pay or otherwise, in violation of Title 21, United States Code, Sections 331(c) and 333(a)(2).

### Method and Means of the Conspiracy

3.  It was part of the conspiracy that between approximately January 2011 and approximately August 12, 2011, MOHSIN and KHAN conspired to obtain and sell products at the Cigar Box that were subject to regulation by the FDA as "drugs," as that term is defined by Title 21, United States Code, Section 321(g)(1).

4.  It was further part of the conspiracy that MOHSIN and KHAN obtained and sold products that they and their suppliers falsely and misleadingly referred to as "incense," "potpourri," and other misleading names, when in fact such products were drugs intended to affect the structure and function of the human body, and were intended for use as a component of such a drug. Such drugs were misbranded in at least one of the following respects:

    a)  The drugs' labeling was false and misleading in at least one particular, including the following, in violation of Title 21, United States Code, Section 352(a):

2

    i. The drugs were falsely labeled in a manner indicating that they were not for human consumption, when in fact such drugs were intended for human consumption;

    ii. The drugs were sold as incense, potpourri, and under other false and misleading names when in fact the products were intended for human consumption and to affect the structure or any function of the body;

    iii. The drugs were packaged with labeling which failed to identify accurately the package's contents and intended use;

  b) The drugs' packaging did not bear a label containing the name and place of business of the manufacturer, packer, and distributor, in violation of Title 21, United States Code, Section 352(b)(1);

  c) The drugs' labeling failed to bear the established name and quantity of each active and inactive ingredient, in violation of Title 21, United States Code, Section 352(e)(1)(A); and

  d) The drugs' labeling did not include adequate directions for use and did not bear adequate warnings as required by law, in violation of Title 21, United States Code, Section 352(f).

  5. It was further part of the conspiracy that MOHSIN and KHAN intended to defraud and mislead regulators regarding the products' status as drugs, with the purpose of avoiding regulation over the drugs and enabling themselves to continue selling the drugs in exchange for money.

  6. It was further part of the conspiracy that MOHSIN ordered misbranded drugs from suppliers and manufacturers located outside the State of Illinois for resale to customers at the Cigar Box.

3

7. It was further part of the conspiracy that MOHSIN and KHAN sold multiple misbranded drugs obtained from out-of-state suppliers, including but not limited to products marketed as the following: *iAroma Hypnotic, iAroma Train Wreck, iAroma Mango, Zero Gravity, Head Trip, and Kush Potpourri.*

8. It was further part of the conspiracy that MOHSIN paid thousands of dollars to out-of-state suppliers in exchange for misbranded drugs.

9. It was further part of the conspiracy that MOHSIN and KHAN charged customers exorbitant prices for a single gram of the so-called potpourri.

## Overt Acts

10. Defendants committed the following acts among other acts in the Northern District of Illinois and elsewhere to effect the object of the conspiracy, including but not limited to the following:

    a) On or about February 3, 2011, MOHSIN ordered and received 500 packages of *iAroma* from a supplier in Iowa.

    b) On or about February 10, 2011, MOHSIN paid the Iowa supplier $1,000 for the purchase of misbranded drugs.

    c) On or about March 1, 2011, MOHSIN took delivery of 500 packages of *Train Wreck* from the Iowa supplier.

    d) On or about March 4, 2011, MOHSIN paid the Iowa supplier $700 for the purchase of misbranded drugs.

    e) On or about March 16, 2011, MOHSIN paid the Iowa supplier $1,000 for the purchase of misbranded drugs.

f) On or about March 24, 2011, MOHSIN ordered and received hundreds of packages of *iAroma* and *Zero Gravity* misbranded drugs from the Iowa supplier.

g) On or about April 7, 2011, MOHSIN paid the Iowa supplier approximately $1,742.50 for the purchase of misbranded drugs.

h) On or about May 20, 2011, MOHSIN ordered and received packages of *iAroma* from a supplier in North Carolina.

i) On or about May 20, 2011, MOHSIN paid $650 for pipes including several mini bubblers and liquid chillums for use in smoking misbranded drugs.

j) On or about June 10, 2011, MOHSIN paid the North Carolina supplier approximately $1,200 for the purchase of misbranded drugs.

k) On or about June 14, 2011, MOHSIN sold three one-gram packages of *iAroma* to Max Dobner and a friend for $20.

l) On or about June 24, 2011, MOHSIN and KHAN offered *iAroma* for sale at the Cigar Box.

m) On or about August 4, 2011, KHAN represented to a customer that the "high" from the *Kush Potpourri* was very good and that *Head Trip* gave the same high as "weed."

n) On or about August 4, 2011, KHAN sold two packages of *Head Trip* and *Kush Potpourri* to the customer for $30.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. The allegations of paragraph 1 in Count One are incorporated here.

2. At times material to this Indictment:

    a) A drug was misbranded if its labeling was false and misleading in at least one particular, including the following, in violation of Title 21, United States Code, Section 352(a):

        i. A drug was falsely labeled in a manner indicating that it was not for human consumption, when in fact such drug was intended for human consumption;

        ii. A drug was sold as incense, herbal potpourri, and under other false and misleading names when in fact the product was intended for human consumption and to affect the structure or any function of the body;

        iii. A drug was packaged with labeling which failed to identify accurately the package's contents and intended use;

    b) A drug was misbranded if its packaging did not bear a label containing the name and place of the business of the manufacturer, packer, and distributor, in violation of Title 21, United States Code, Section 352(b)(1);

    c) A drug was misbranded if its labeling failed to bear the established name and quantity of each active and inactive ingredient, in violation of Title 21, United States Code, Section 352(e)(1)(A); and

    d) A drug was misbranded if its labeling did not include adequate directions for use and did not bear adequate warnings as required by law, in violation of Title 21, United States Code, Section 352(f).

3. On or about June 14, 2011, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere,

> RUBY MOHSIN and
> MOHAMMAD KHAN,

defendants herein, with the intent to defraud and mislead, did receive and cause the receipt in interstate commerce of misbranded drugs, namely, *iAroma Hypnotic, iAroma Train Wreck,* and *iAroma Mango,* and delivered and proffered delivery of such misbranded products to a customer for pay;

All in violation of Title 21, United States Code, Sections 331(c), 333(a)(2), 352(a), 352(b), 352(e) and 352(f).

## COUNT THREE

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. The allegations of paragraphs 1 and 2 of Count Two are incorporated here.

2. On or about August 4, 2011, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere,

> RUBY MOHSIN and
> MOHAMMAD KHAN,

defendants herein, with the intent to defraud and mislead, did receive and cause the receipt in interstate commerce of misbranded drugs, namely, *Head Trip* and *Kush Potpourri*, and delivered and proffered delivery of such misbranded products to a customer for pay;

All in violation of Title 21, United States Code, Sections 331(c), 333(a)(2), 352(a), 352(b), 352(e) and 352(f).

## COUNT FOUR

The SPECIAL JANUARY 2014 GRAND JURY further charges:

1. The allegations of paragraph 1 in Count One are incorporated here.

2. Between on or about March 1, 2011 and continuing until on or about August 12, 2011, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere,

RUBY MOHSIN and
MOHAMMAD KHAN,

defendants herein, did conspire with each other, and with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32)(A), namely, *iAroma Hypnotic, iAroma Train Wreck, iAroma Mango, Head Trip,* and *Kush Potpourri* containing JWH-210 and JWH-122, knowing that such substance was intended for human consumption, as provided in Title 21, United States Code, Section 813, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

9

## COUNT FIVE

The SPECIAL JANUARY 2014 GRAND JURY further charges:

On or about June 14, 2011, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere,

RUBY MOHSIN and<br>MOHAMMAD KHAN,

defendants herein, did knowingly and intentionally distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of a controlled substance analogue, namely, *iAroma Hypnotic, iAroma Train Wreck,* and *iAroma Mango* containing JWH-210, as defined in Title 21, United States Code, Section 802(32)(A), knowing that such substance was intended for human consumption as provided in Title 21, United States Code, Section 813;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT SIX

The SPECIAL JANUARY 2014 GRAND JURY further charges:

On or about August 4, 2011, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere,

>   RUBY MOHSIN and
>   MOHAMMAD KHAN,

defendants herein, did knowingly and intentionally distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of a controlled substance analogue, namely, *Head Trip* and *Kush Potpourri* containing JWH-122, as defined in Title 21, United States Code, Section 802(32)(A), knowing that such substance was intended for human consumption as provided in Title 21, United States Code, Section 813;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

11